Argued and submitted February 3, reversed and remanded
for reconsideration June 9, 1982

FRANK,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(No. 81-AB-1246-A, CA A22611)

646 P2d 70

Marilyn Lindgren, Oregon Legal Services Corp., Hills-
boro, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Jan Peter Londahl, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks review of an order of the Employment Appeals Board (Board) denying her benefits because she refused to accept a job referral from the Employment Division. She contends: (1) that no referral was in fact ever made, (2) that the job was not "suitable work," and (3) that she was not given a full opportunity to present evidence on the issue of her "good cause" for failing to accept the referral, assuming one was made. We reverse and remand.

Petitioner's disqualification resulted from an incident that occurred at the Hillsboro office of the Employment Division. Petitioner went into the office and saw a notice of a job opening as a receptionist. She had had experience as a receptionist and therefore approached a placement interviewer about the job. They had some discussion about the job but, when petitioner learned the name of the employer, she told the interviewer that she did not want to work there for personal reasons. The interviewer then threw away the referral card he had made. Petitioner testified that she did not believe that a referral had been made, and the interviewer acknowledged that she could reasonably have gotten that impression. He testified, however, that he believed she had refused the referral, and he so reported the incident.

Although the notice petitioner had seen at the Employment Division office had indicated only that a receptionist was wanted, the job order listed the qualifications as "light typing, filing, and some book work." Petitioner testified that she is a very slow typist and has had no training or experience in bookkeeping. She also presented evidence from the prospective employer indicating that she was not qualified for the position. Petitioner testified that the interviewer had not informed her of the qualifications for the job. The interviewer testified that he assumed petitioner could do the typing because of previous conversations he had had with her; he did not recall asking if petitioner could do bookkeeping.

The referee found that petitioner was not qualified for the job in question and that it was not suitable work. He concluded that petitioner was not disqualified from

receiving benefits, because "if in fact there was a referral it was abrogated by [petitioner's] lack of abilities."

The Board reversed the referee, stating:

"We do not agree with the referee that the job referral was inappropriate. The claimant produced evidence at the hearing that she would not have been qualified for this job in any event as it required more typing than she was capable of doing and also required bookkeeping experience which she did not have. However, this evidence was obtained subsequent to the disqualifications for the job refusal. At the time the claimant refused the referral, she had no knowledge of the qualifications. It was incumbent upon her to accept the referral and be interviewed by the prospective employer to determine if she could qualify for the job. It is contended by the claimant that she was not referred by the Employment Division to apply for this work. She did, however, indicate to the job service representative that she did not want to interview for the job. Once this has been expressed, it is not necessary for the job service representative to order an individual to accept a referral to constitute a failure to apply for work when referred under ORS 657.176(2)(d) or ORS 657.325. To support the claimant's contention would require the Employment Division to perform a useless act.

"Although it was eventually discovered that the work may not have been suitable due to the claimant's lack of qualifications, her refusal of the referral was made prior to the time this was known. At the time the referral was refused, it appeared the work was suitable and the only reason she refused was because of some past personal relationship she had with someone in that office. This does not constitute good cause for refusing the referral as defined under OAR 471-30-038(6).

"In so deciding this issue, we do not condone the lack of information given to the claimant regarding the qualifications for this job."

The Board held petitioner disqualified under ORS 657.176(2)(d) and ORS 657.325(6)(a). The first section provides that an individual be disqualified from receipt of benefits if the individual:

"Failed without good cause to apply for available suitable work when referred by the employment office or the assistant director * * *."

The latter section provides for ineligibility for extended benefits for any week in which:

> "The individual failed to accept any offer of suitable work or failed to apply for any suitable work * * * to which the individual was referred by the assistant director * * *."

For purposes of ORS 657.325, "suitable work" is defined as "any work that is within such individual's capabilities * * *." ORS 657.190 provides:

> "In determining whether or not any work is suitable for an individual, the assistant director shall consider, among other factors, * * * his physical fitness and prior training, his experience and prior earnings * * *."

The Employment Division has joined with petitioner in seeking to overturn the Board's decision in this case. The Division agrees with petitioner that a determination of disqualification requires a finding that the job to which petitioner was referred was "suitable work" and that disqualification may result only for a refusal of work that is actually suitable. The Division suggests that the case be remanded for such a determination. In its view petitioner's other contentions need not be reached.

■ ■ Both of the quoted sections, however, base disqualification on an actual referral by the employment office that the individual fails to pursue. The opinion of the Board seems to suggest that the placement interviewer was not required to make a referral, because petitioner had indicated that she "did not want to interview for the job." It does not address petitioner's contention that she did not understand that a referral was being made. It seems apparent that disqualification for failing to apply for work when referred requires that the individual understand that a referral had been made. Petitioner testified that she had previously had discussions with a placement interviewer which did not result in referrals and that, because the interviewer threw away the card he had made, she did not think she was being referred. Petitioner may not be disqualified from benefits for failing to accept a referral unless she understands or reasonably should understand that a referral was being made. On remand, the Board must address that issue as well as the question of whether the referral was for suitable work.

■ We turn now to petitioner's claim that, in any event, her personal reason for not wanting the job constituted "good cause" for referral. Petitioner was represented by counsel at the hearing before the referee. When she began to explain that she did not want to apply for the job in question because she had had a personal relationship with one of the employes there, the referee told her that that explanation was unnecessary. Petitioner did not object or make an offer of proof of any evidence regarding her desire not to apply for the job. She has not preserved any error that may have been made.

Reversed and remanded for reconsideration.