Argued and submitted May 23, 1984, reversed and remanded February 27, 1985

# BALDUYCK,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-1967; CA A30262)

695 P2d 944

Terry Ann Rogers, Legal Aid Service, Portland, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

M. Thiele, Portland, waived appearance for respondent Henry Thiele's Restaurant.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant appeals from a denial of unemployment compensation benefits, contending that the referee and the Employment Appeals Board erred in finding that she left work voluntarily without good cause. ORS 657.176(2). We reverse and remand for reconsideration.

EAB adopted the referee's opinion, including the following findings of fact. Claimant worked for employer as a waitress and pantry worker. The last date she worked was May 15, 1983, and the following two days were to be her days off. On May 16, her ailing mother telephoned her from California and begged her to come to be with her. Claimant tried to contact the restaurant's owner, but she was not available, so claimant spoke with the hostess. The hostess told her to call when she returned to town. Claimant picked up her paycheck before she left but did not again attempt to contact the owner before she left for California on May 17. Around June 10, at claimant's request, her son in Portland called the owner and was told that claimant's job had been filled. Claimant never contacted the owner directly. She had previously taken time off from January 30, 1983, to March 5, 1983, to see her mother. At that time the owner was out of town, and claimant had notified the hostess.

ORS 657.176 provides, in relevant part:

"(2)   An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the assistant director finds that the individual:

"(a)   Has been discharged for misconduct connected with work, or

"* * * * *

"(c)   Voluntarily left work without good cause, * * *

"* * * * *."

The Employment Division has promulgated a rule interpreting ORS 657.176. OAR 471-30-038(1) provides in relevant part:

"As used in ORS 657.176, with the exception of the provisions of ORS 657.221(2)(a), the date an individual is separated from work is the date the employer-employe relationship is severed.

"'* * * * *

"(2)  The distinction between voluntary leaving and discharge is:

"(a)  If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work;

"(b)  If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge;

"'* * * * *.'"

EAB's conclusions included the following:

"* * * Claimant was not discharged; she quit. Claimant's conduct in leaving work without prior authorization from the employer, and in failing to contact the employer for an extended period of time, amounts to abandonment.

"An employe who is sincerely interested in maintaining the employment relationship would not have left without prior authorization from the owner or a supervisory personnel. A co-worker's 'authorization' is of no significance since she had no power to grant or withhold such an approval in the first place.

"The circumstances of the first absence were different. The owner was in Hawaii and the hostess was apparently in charge. As such, she had the authority to grant claimant's request for time off. In the second instance, the employer was not on the premises, but was in town. Certainly, claimant should have attempted to contact the employer before leaving, either on May 16 or May 17. Having failed to do so, claimant violated the standards of behavior which an employer has the right to expect of an employe.

"The problem was compounded by claimant's failure to contact the employer until her son called approximately three weeks later. The least that a diligent employe would have done would have been to call the employer directly as soon as possible to inform him of the circumstances leading to the sudden departure, her whereabouts, and the expected date of return. This, claimant failed to do."

■    We review to determine whether there is substantial evidence to support the agency's findings, ORS 183.482(8)(c), and whether there is a rational connection between the findings and conclusions. *Harbaugh v. Employment Division,* 65 Or App 582, 672 P2d 62 (1983).

■    EAB's conclusion that claimant voluntarily left her job was based on two findings: (1) She left work without prior authorization, and (2) she was obligated to contact employer personally before she did. The record does not adequately support either. Claimant testified that the hostess had given her permission to take a leave the previous winter when the owner was in Hawaii. Claimant said that, when she talked with the hostess on May 16, the hostess said, "You go; call when you come back," and said she would tell the owner. There was no finding that claimant was not credible. Employer did not appear at the hearing or here, and claimant was the only witness. The only evidence presented on behalf of employer was the owner's statement on the agency "Claimant/Employer Separation Statement":

> "* * * During the winter when business was slower we were able to get by without her, but when she suddenly left the second time, *not checking with the owner,* business had picked up enough and with regular employees starting to take vacations, we were forced to hire someone to take her place. * * *" (Emphasis supplied.)

We conclude that there is not substantial evidence to support the conclusion that the hostess was not empowered to authorize claimant to take a leave of absence. The only evidence of the hostess' authority was her authorization of claimant's leave of absence the previous winter and this testimony by claimant:

> "Q    [By the referee] Is this hostess, is she a supervisor?
>
> "A    I would certainly say so. She is the same one that gave me permission in February when [the owner] was in Hawaii to go when my mother had that horrible surgery, that we felt we were going to lose her."

There is no evidence that the hostess did not have the power to authorize claimant's leave of absence. The inference that the hostess' authority in the owner's absence differed when the absence was due to the owner's being out of town is not linked to any specific evidence regarding the hostess' duties and responsibilities. Thus, there was at least some evidence that the hostess had the power to authorize claimant's leave; there was no evidence to the contrary. EAB's affirmative finding that the hostess' authorization "is of no significance since she had no power to grant or withhold such an approval

in the first place" is not supported by substantial evidence. It follows that there is not substantial evidence to support the finding that claimant left work without prior authorization.

■     We also agree with claimant that the record does not support EAB's reasoning that she voluntarily quit her job because she did not contact the employer. The conclusion that claimant had a duty to contact the owner personally before she left, or at least before three weeks had elapsed, purports to be based on a generalized notion of any employe's obligations and is not related to any findings regarding employer's specific requirements or understandings with claimant. Whatever inference might be reasonable otherwise, we think that that conclusion is not supported here, where claimant's testimony was that the hostess told her that she would contact the owner and where on a previous occasion communication with the hostess when the owner was out of town had sufficed. Although claimant did not arrange a specific date of return with the hostess and did not contact employer for three weeks, the evidence was that she had previously been permitted a leave under similar circumstances for much longer than three weeks. Thus we do not think that the reasons for concluding that claimant voluntarily left work are based on adequate findings.

Reversed and remanded for reconsideration.