Submitted on record and briefs January 25, affirmed July 17, 1985

## MR. STEAK, INC.,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

### (84-AB-1030; CA A32728)

702 P2d 1162

Richard C. Hunt and Francis T. Barnwell of Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, filed the brief for petitioner.

Janet L. Dalton, Lake Oswego, filed the brief *pro se.*

No appearance for respondent Employment Division.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Employer petitions for review of an order of the Employment Appeals Board that adopted the referee's opinion and, with one member dissenting, awarded claimant unemployment benefits. We affirm.

The referee heard testimony from claimant, as well as from the district manager for employer's restaurants in the Portland area and the associate manager of the Tualatin restaurant where claimant worked, and found the following facts:

"(1) The claimant worked for the employer as a hostess from March 5, 1974, until December 7, 1983. (2) On May 17, 1980, the claimant married another employe, who became a one-third owner of the employer's Tigard restaurant. (3) Claimant's husband invested $20,000.00 and was entitled to one-third of the profits of the store. (4) The employer wanted to close the Tigard restaurant and offered to transfer the husband's interest to the Tualatin restaurant. (5) The husband agreed and the claimant and her husband transferred to that store. (6) On December 6, 1983, the locks were changed on the Tualatin restaurant and the claimant told her husband that something strange was going on. (7) The claimant's husband told her that he did not want her to return to work, and she did not return to work on December 7, 1983. (8) Because she did not return to work on that day, the employer terminated her. (9) The claimant's husband was offered a choice of several restaurants out of the Portland area. (10) At the time her husband told her not to go to work, he was still her supervisor."

The referee concluded:

"The claimant did not voluntarily leave her employment. A voluntary leaving of work occurs when the employe has the option of continuing to work for the same employer but chooses not to do so. She was terminated for not reporting to work and was not allowed to continue working for the employer after this date.

"The claimant was discharged, but not for misconduct connected with the work.

"OAR 471-30-038(3) states in part that '[M]isconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests, or

recurring negligence which demonstrates wrongful intent is misconduct.'

"The employer has failed to establish that the claimant was discharged for misconduct connected with her work. By following her husband's instructions, she was not wilfully violating standards of behavior which the employer had a right to expect of her."

Employer argues that claimant voluntarily left work without good cause or, alternatively, that she was discharged for misconduct in connection with her work. We review for substantial evidence to support the agency's findings and to determine if there is a rational connection between the findings and conclusion. *Balduyck v. Employment Division,* 72 Or App 242, 245, 695 P2d 944 (1985). We conclude that the evidence supports the findings and that the findings support the conclusion.

Claimant did not voluntarily quit work. Both the district manager and the assistant manager testified that employer considered that claimant was discharged. Furthermore, claimant's failure to show up for work on December 7 does not support a finding of misconduct. The district manager testified that claimant had no disciplinary warnings in her personnel file and that it was thought that she would continue to perform at a high level. The situation confronting claimant was unusual in that her employer was the corporation, but a part owner and the manager of the Tualatin restaurant was also her husband. Her husband discussed with her his wish that she not return to work on December 7, instead of ordering her not to return, and he did so at home, instead of at the restaurant. Those facts do not preclude a finding, as employer argues, that claimant's husband was also in a position of authority as to her employment; he was the manager of the restaurant and, therefore, her supervisor. Complying with his wish that she not go to work does not establish wilful disregard on her part of her employer's interest within the meaning of OAR 471-30-038(3).

Affirmed.