Argued and submitted January 21, reversed and remanded for reconsideration
August 21, 1985

# CHARBONNEAU,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-744; CA A31863)

705 P2d 230

Mark B. Williams, Legal Aid Service, Portland, argued the cause for petitioner. With him on the brief was Michael H. Marcus, Legal Aid Service, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance by respondent Mt. St. Joseph Care Center.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner seeks review of an order of the Employment Appeals Board denying her unemployment compensation benefits. We reverse and remand for reconsideration.

EAB adopted the referee's decision, which made the following findings and conclusions:

"(1)   Claimant worked for employer from August 24, 1976 to January 27, 1984 as a kitchen worker full time for $5.35 an hour. (2) In February 1982, she had an operation on her wrist. (3) A twisting and lifting part of her duties for the employer aggravated the pain in her wrist. (4) She visited her doctor about it, but nothing could be done except a prescription for pain killers. (5) Claimant endured the pain until she could not take it anymore and she left work after a two-week notice on January 27, 1984. (6) She thought that she could do sales work without pain and is seeking that work now, but did not while she was working for employer. (7) Employer knew of her incapacity and suggested other jobs, all of which included some lifting or twisting. (8) Claimant's doctor could not advise her to leave work, but did not see her condition improving. (9) Her doctor refuses to fill out forms which caused a delay in the Employment Division's request for medical information. (10) The doctor's secretary eventually provided the information in early March 1984.

"CONCLUSION AND REASONS: (A) Claimant voluntarily left work without good cause.

"OAR 471-30-038(4) states that 'good cause' for voluntarily leaving work is '[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.'

"Claimant has the burden of proving good cause to leave employer which prevents her disqualification for unemployment compensation. She has established that her duties for employer caused her continuing pain. She bore this pain for almost two years until she decided to leave. Pain is very difficult to gauge. It varies with each person. Claimant did not provide any independent medical verification of the pain. Without this, she has not met her burden of persuasion that she was compelled to leave employer. There is no doubt that she suffers such pain, but not to such a degree to leave gainful employment."

We agree with petitioner that the referee's findings do

not support his conclusions. The finding that petitioner worked until she could not endure the pain is supported by evidence in the record. He appears, however, to have based the denial on petitioner's failure to provide objective verification of her testimony regarding her pain. That evidence is not required by statute or administrative rule. Uncontroverted testimony from an otherwise credible witness does not need objective corroboration to establish that pain has become too great to continue to perform a job. When pain has reached that level, it can be a valid reason for leaving employment.

■■    The referee's conclusion that "[t]here is no doubt that [claimant] suffers such pain" impliedly finds claimant's testimony to be credible. EAB made no finding to the contrary. If it disagrees with a referee's finding of credibility, it must state precisely what facts led to its conclusion. *Ashmore v. Employment Division,* 70 Or App 516, 690 P2d 522 (1984); *Steinkellner v. Employment Division,* 67 Or App 50, 76 P2d 941 (1984).

Reversed and remanded for reconsideration.