Submitted on record and brief September 30, reversed and remanded
December 17, 1986

### HANNAH,
*Petitioner,*

*v.*

### EMPLOYMENT DIVISION,
*Respondent.*

(EAB 86-AB-476; CA A39523)

730 P2d 600

James Fredrick Hannah, Salem, filed the brief *pro se* for petitioner.

No appearance for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner seeks review of an Employment Appeals Board order denying him unemployment benefits. EAB concluded that he had voluntarily left work without good cause. ORS 657.176(2)(c). We reverse and remand for reconsideration.

Petitioner, a foreman, contends that EAB's findings fail to address his contention that he quit because of the cumulative effect on him of harassment and of multiple work-related grievances against his employers which made his continued employment intolerable.[1] He argues that the uncontradicted evidence in the record shows that he had many unproductive conversations with his employers about work-related grievances, that their attitude was one of disrespect for their employes' legitimate concerns, that that situation caused him to lose enthusiasm for his work and had resulted in stress at home, that he had been harassed by his employers and that the overall situation was so bad that quitting was "just something that had to be done." He argues further that the uncontradicted evidence in the record shows that he had no reasonable alternative but to quit work.

ORS 183.470(2) requires EAB to make findings on each contested issue. *Middleton v. Fred Meyer, Inc.,* 79 Or App 443, 719 P2d 73 (1986). EAB's findings in this case do not address claimant's contention. Because EAB's findings are incomplete, they are insufficient to support its conclusion. *Ross v. Employment Division,* 81 Or App 330, 334, 724 P2d 935 (1986).

Reversed and remanded for reconsideration.

---

[1] "A worker is not required to 'sacrifice all other than economic objectives and * * * endure * * * personal abuse, for fear that abandoning an oppressive situation will disqualify the worker from unemployment benefits.'" *Londahl v. Employment Division,* 72 Or App 366, 695 P2d 1388 (1985), *citing McPherson v. Employment Division,* 285 Or 541, 557, 591 P2d 1381 (1979).

After petitioner left work, but before the hearing, he learned that his employers had offered another employe a $.50 per hour raise to be effective the day that petitioner quit. That evidence may have been probative as to whether the employers were harassing petitioner, and EAB should have addressed it. *See Jackson Co. Assn. Retarded Citizens v. Emp. Div.,* 69 Or App 206, 684 P2d 35 (1984).