Argued and submitted September 22, 1986, reversed and remanded for reconsideration
February 11, 1987

# RUIZ,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (EAB 86-AB-10; CA A38626)

733 P2d 51

Michael H. Marcus, Portland, argued the cause for petitioner. On the brief were Mark B. Williams and L. Ramsay Weit, Portland.

Lindsay Hughes, Portland, argued the cause for respondent TCI Liberty Cable TV. With him on the brief were

Richard F. Liebman, Lindsey H. Hughes and Spears, Lubersky, Campbell, Bledsoe, Anderson and Young, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division, Raymond P. Thorne, Administrator.

No appearance for respondent Employment Appeals Board, Ross Morgan, Chairman.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

Young, J. dissenting.

## VAN HOOMISSEN, J.

Petitioner seeks review of an Employment Appeals Board order denying him unemployment benefits.[1] EAB concluded that he had voluntarily left work without good cause. ORS 657.176(2)(c).[2] EAB's decision is reviewable only for substantial evidence to support its findings and to determine if there is a rational connection between the findings and the conclusions. *Mr. Steak, Inc. v. Employment Division,* 74 Or App 530, 702 P2d 1162 (1985); *Balduyck v. Employment Division,* 72 Or App 242, 245, 695 P2d 944 (1985). We must affirm the decision unless the findings and conclusions are not supported by substantial evidence in the record, even if the court might reach a different conclusion if it were sitting as a trier of fact. *Wilton v. Employment Div.,* 26 Or App 549, 551, 553 P2d 1071 (1976); *Grigsby v. Employment Div.,* 24 Or App 499, 546 P2d 788 (1976). We reverse and remand for reconsideration.

EAB found:

"(1) The claimant worked for the above employer as a cable television installer. (2) Throughout his employment as an installer he found that customers were often abusive when their service was disconnected for non-payment of fees; he also encountered menacing dogs. (3) Before April 1985 the installer did not initiate contact with a customer whose service was being disconnected. (4) In April 1985 the employer ended its own delinquent collections department, turning such accounts over to a collection firm. (5) Concurrently with that change the employer began requiring installers to contact customers whose service was being disconnected to collect service fees due and avoid disconnection if the customer so wanted and otherwise to ask such customers for return of the employer's signal converters. (6) Installers were assigned to such disconnect work, with its increased customer contact,

---

[1] The Employment Division and division referee had each allowed petitioner benefits.

[2] In order to establish entitlement to unemployment benefits under ORS ch 657, petitioner had to show that he had good cause for voluntarily leaving his job. ORS 657.176(2)(c); *Aschenbrenner v. Employment Div.,* 29 Or App 345, 347-48, 563 P2d 757 (1977). "Good cause" under ORS 657.176(2)(c) is defined as:

"[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work." OAR 471-30-038(4).

three work days each month. (7) The claimant disliked that part of the work because of the frequent abuse from customers and contact with menacing dogs and because of his being sympathetic toward customers unable to pay the amounts due. (8) Because of his dissatisfaction with that portion of his work assignments, the claimant resigned effective August 14, 1985. (9) The claimant would have continued working but for the employer's changes in April. (10) The employer's policy allowed him to leave any assignment undone if menaced by a dog."

EAB concluded:

"We disagree with the referee and conclude that the claimant has not shown by a preponderance of evidence that the work became unsuitable or that he otherwise had good cause to leave work. The claimant's position was that the employer had, at least for three days a month, changed his job from installer to debt collector and that it was as such that he was subjected to unpleasant customers. By his own testimony, however, such occasional unpleasantness had always been part of the job, though there had been less customer contact when using the earlier "hit and run" approach to disconnects.

"Similarly the claimant cited, as an intolerable situation of a menacing dog, an incident which did not involve his initiation of customer contact under the new policy. The claimant asserts that the work was substantially changed but the record persuasively shows that the changes were minor and did not compel the claimant to join the ranks of unemployed. His decision to do so was not that of a reasonable and prudent person of normal sensitivity using ordinary common sense, but rather resulted from his exaggerated perspective of the difference in approach to disconnect work. Because the claimant lacked good cause under OAR 471-30-038(4), he must be disqualified from unemployment insurance benefits under ORS 657.176(2)."

One EAB member dissented:

"I dissent. In imposing upon the claimant the duties of a bill collector, the employer unilaterally changed the claimant's job, making it unsuitable for him. I conclude that he was thereby furnished good cause under OAR 471-30-038(4) and should be allowed benefits without disqualification."

■ ■ Petitioner first contends that EAB's order lacks substantial reasons and essential findings of fact in that EAB ignored his allegations of stress and health problems caused

by his job. An administrative agency decision must clearly and precisely state what it finds to be the facts and why those facts rationally lead to the decision it makes. *Trebesch v. Employment Division,* 68 Or App 464, 467, 683 P2d 1018, *aff'd* 300 Or 264, 710 P2d 136 (1985); *see McCann v. OLCC,* 27 Or App 487, 495, 556 P2d 973 (1977). The duty imposed by ORS 183.470 to issue findings of fact and conclusions of law includes an obligation on the part of the agency to make findings on all essential facts and pertinent issues, including issues raised by the petitioner; failure to make such findings requires remand. *de St. Germaine v. Employment Division,* 74 Or App 484, 703 P2d 986 (1985); *Exton v. Employment Division,* 74 Or App 288, 702 P2d 1153 (1985); *Frank v. Employment Division,* 57 Or App 646, 646 P2d 70 (1982).

In determining whether petitioner is disqualified under of ORS 657.176(2)(c), consideration must be given to the suitable work factors of ORS 657.190. *See* OAR 471-30-037(1); *Pauly v. Employment Division,* 74 Or App 479, 482, 703 P2d 991 (1985). Those factors include "the degree of risk involved to the health, safety and morals of the individual, the physical fitness and prior training [and] experience * * * of the individual * * *." ORS 657.190. Petitioner argues that his work had changed so significantly that it had become unsuitable. He offered evidence to meet the statutory suitability factors in his uncontradicted testimony.[3] In particular, he contended that he had no prior experience in bill collecting and that the confrontations his new duties led him into were so stressful that they seriously affected his physical and emotional health. While EAB concluded that petitioner did not prove that the work had become unsuitable, it did not address the statutory factors of suitability. A reasoned conclusion cannot be made in this case without consideration of those factors.[4] EAB's

---

[3] Uncontroverted testimony from an otherwise credible witness is sufficient to establish health problems. *Charbonneau v. Employment Division,* 75 Or App 78, 81, 705 P2d 230 (1985). EAB did not find that petitioner was not credible. Therefore, his testimony must be addressed by EAB.

[4] The dissent would hold that this requirement is met by EAB's conclusion that petitioner had an "exaggerated perspective" concerning the changes instituted by his employer. That conclusion, however, is unsupported by findings concerning the statutory factors contained in ORS 657.190. Without findings, the conclusion may not be upheld. *See Pauly v. Employment Division, supra; de St. Germaine v. Employment Division, supra.*

failure to address these contentions mandates reconsideration. *Pauly v. Employment Division, supra,* 74 Or App at 482-483 (1985).

Because we remand for reconsideration, we discuss the petitioner's other contention that EAB's findings (2), (7), and (8) are not supported by substantial evidence. Substantial evidence is such proof as a reasonable mind would employ to support a conclusion. *Cook v. Employment Division,* 47 Or App 437, 441, 614 P2d 1193, *rev den* 290 Or 157 (1980). The finding that petitioner "often" faced abuse from customers before beginning his new duties cannot reasonably be supported by the only evidence concerning that subject, petitioner's testimony. The findings that petitioner disliked his new duties and quit because he was dissatisfied are supported. However, those findings do not adequately address petitioner's contention that *more* than mere dissatisfaction caused him to quit. *See Hannah v. Employment Division,* 83 Or App 104, 730 P2d 600 (1986).[5]

Reversed and remanded for reconsideration.

**YOUNG, J.,** dissenting.

I dissent. We have exceeded our authority to remand under ORS 183.482(8)(b)(B), because EAB has complied with ORS 183.470(2).

The majority holds that EAB failed to address petitioner's contention that his job had become unsuitable because his new duties were so stressful that they seriously affected his physical and emotional health. I am at a loss to determine how EAB can more adequately address that contention.

EAB explicitly rejected petitioner's contention that his job had changed substantially, finding instead that the changes were minor. EAB further explained that petitioner's decision to leave his job voluntarily was not the decision "of a reasonable and prudent person of normal sensitivity using ordinary common sense, but rather resulted from his exaggerated perspective of the difference in approach to disconnect work." The only contention that EAB even arguably failed to

---

[5] Petitioner's other assignments lack merit.

address is that petitioner left his job for "good cause" because he suffered physical and emotional stress as a result of his *abnormal* sensibilities. That contention, however, is patently without merit. OAR 471-30-038(4) defines "good cause" as:

> "[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

There is nothing more that EAB can or should do on remand. *See* Peterson, C. J., dissenting in *Hertel v. Employment Division,* 302 Or 456, 457, 730 P2d 35 (1986).

I would affirm the order disqualifying petitioner for benefits under ORS 657.176(2)(c).