Argued and submitted December 22, 1986, reversed and remanded for reconsideration September 16, 1987

**RYAN,**
*Petitioner,*

*v.*

**EMPLOYMENT DIVISION et al,**
*Respondents.*

(86-AB-849; CA A40373)

742 P2d 707

Max Rae, Salem, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Racquet Management, Inc.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Claimant appeals from a denial of unemployment compensation benefits, contending that the referee and the Employment Appeals Board erred in finding that he voluntarily left work without good cause. ORS 657.176(2). We reverse and remand for reconsideration.

EAB adopted the referee's decision, which included these findings. Claimant was hired on October 28, 1985, as the operations manager and program director of employer's racquetball club. In early December, 1985, he was promoted to general manager. On January 10, 1986, the terms of his oral employment contract were modified to provide a different method of compensation. At that time, claimant was also given a draft written contract and told that signing the contract was a condition of continued employment. Claimant was satisfied with the terms of the contract except for the inclusion of a noncompetition clause, which provided that, for one year after the termination of the contract, claimant could not be connected in any manner with any business of the type conducted by employer within a 50-mile radius of employer's business and that, if claimant violated the provision, employer would be entitled to injunctive relief and damages.

On January 12, 1986, claimant told employer that he was dissatisfied with the 50-mile radius provision in the non-competition clause. They did not discuss the matter further until employer asked claimant at a management staff meeting on February 11, 1986, why he had not signed the contract. Claimant replied that the meeting was an inappropriate place to discuss the matter, but employer insisted that they discuss it. Claimant told employer that he could not sign the contract, because "it was 99 percent for you and one percent for me." Employer said, "If you don't sign it, you can't work here." Claimant asked employer, "Do you want me to leave right now?" Employer replied, "Okay. If you're leaving, then leave all my personal property that you have here before you go." Claimant left the meeting and remained in his office for one and one-half hours before leaving the premises.

EAB concluded that claimant "voluntarily left work without good cause." ORS 657.176(2)(c). Claimant argues that EAB's conclusion was in error (1) because he did not

voluntarily leave work but was wrongfully discharged or, in the alternative, (2) because he had good cause for leaving.[1]

We review to determine whether substantial evidence supports EAB's findings, ORS 183.482(8)(c), and whether there is a rational connection between the findings and the conclusions. *Balduyck v. Employment Division,* 72 Or App 242, 695 P2d 944 (1985).

"Good cause" for voluntarily leaving work is defined in EAB's administrative rules as

"such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work." OAR 471-30-038(4).

The referee and EAB found that employer required claimant to sign a contract containing a noncompetition clause in order to continue his employment. He also found that claimant refused to sign the contract and, as a result, left work. The referee then reasoned that claimant did not have good cause, because he could have negotiated more satisfactory terms in the noncompetition clause or he could have signed it and later challenged its enforceability.

Those reasons do not support the conclusion that claimant left without "good cause." The imposition of the noncompetition clause was a matter of such gravity that claimant had no reasonable alternative but to leave work. We do not agree with the referee's conclusion that the alternatives of signing the contract and later challenging it or negotiating a more limited geographical area of coverage of the clause were reasonable. We hold that EAB's findings and reasoning did not support the conclusion that claimant left work without "good cause."

Reversed and remanded for reconsideration.

---

[1] Because of our conclusion that EAB's determination that he left without good cause was not correct, we do not address claimant's argument that EAB erred in concluding that he voluntarily left work.