Argued and submitted March 10, reversed and remanded for reconsideration in part;
otherwise affirmed June 28, 1995

Austin PETERSEN,
dba A Austin 1 Stop Plumbing,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

(93-T-0071A; CA A84589)

898 P2d 210

Jeffrey E. Potter argued the cause for petitioner. With him on the brief were Jack A. Gardner and Lombard, Gardner, Honsowetz, Potter & Budge.

Stephen L. Madkour, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Petitioner Austin Petersen, dba A Austin 1 Stop Plumbing, seeks review of an order of an Employment Department referee affirming an assessment of unemployment taxes. He challenges, in particular, a determination that three individuals who performed "outcall" plumbing services resulting in remuneration to his business were neither independent contractors nor engaged in an "independently established business," ORS 657.040(1), and, thus, were petitioner's employees for purposes of unemployment tax liability. We reverse in part and remand for reconsideration.

Petitioner, a licensed plumbing contractor and journeyman plumber, has been in the plumbing business for 49 years. His business provides appliance repair, drain line cleaning, and septic tank pumping and maintenance services, as well as sales of plumbing-related chemicals and parts. At all material times, from January 1, 1989, through December 31, 1992, petitioner himself performed some of those services. However, most of the appliance repair and drain line cleaning tasks were performed by other repair people with whom petitioner had a continuing relationship. That relationship is the object of our review.

When a customer called petitioner's business, requesting appliance repair or line cleaning services, petitioner would, in turn, contact one of a group of individuals who had purchased plumbing supplies wholesale from him, who owned their own trucks and equipment, and who had expressed an interest in providing such outcall services. If that person was willing to take the job, he or she would perform the work, charging an hourly labor rate fixed by petitioner, and would give the customer a statement bearing petitioner's name. Customers paid petitioner, rather than the individual repair person, for the work. If the customer paid at the time of service, the check was made out to petitioner; otherwise, petitioner would bill the customer directly.

On receiving payment, petitioner retained one-half of the payment for the labor charges and allocated the balance, including reimbursement for parts, to the individual repair person. Petitioner paid out the individual's allocation either once a month or on the individual's completion of 25

jobs, whichever occurred first. If a customer on a particular job failed to pay, the individual repair person was not paid for that work.

In June 1993, the Employment Department (department) issued an Amended Notice of Determination finding petitioner to be an employer subject to the Oregon Employment Department Law, ORS 657.005 *et seq*, as of January 1, 1989. The department thereafter assessed petitioner $7,672.90 in unemployment tax and interest for the period January 1, 1989, through December 31, 1992.

Petitioner requested a hearing on the determination notice and assessment. Although the department initially identified seven individuals as petitioner's employees, it removed one individual from the assessment, and petitioner acknowledged that two of the individuals were employees. Thus, the referee considered the status of four individuals, including, as pertinent to this appeal, Maribeth Jones, Terry David, and Bruce Smith.[1] The referee upheld the assessment, finding that Jones, David, and Smith were neither (1) independent contractors nor (2) engaged in independently established businesses and, thus, that their services were not excluded from taxable employment pursuant to ORS 657.040(1).[2] It is the order of the referee that we review. ORS 657.683(5); ORS 657.684.

### January 1, 1989 — October 3, 1989

Plaintiff first argues that the referee erred in affirming the assessment for the period January 1, 1989, through October 3, 1989, because he failed to apply the law applicable to that time period. In particular, petitioner points out that, although the referee's decision referred exclusively to the present ORS 657.040, that statute did not assume its present form until October 4, 1989, and was materially different before that date. Because of those differences, petitioner asserts, the case must be remanded for reconsideration of the pre-October 4, 1989 assessment under the then-existing law.

---

[1] Petitioner does not challenge the referee's determination that the services of the fourth person, Brownsell, were not excludable from taxable employment.

[2] The facts pertaining to Jones', David's and Smith's particular circumstances are described below.

Between January 1, 1989, and October 3, 1989, ORS 657.040 (since amended by Or Laws 1989, ch 762, § 6) provided, in part:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the assistant director that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under a contract of service and in fact; and

"(2)(a) Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service; or

"(b) Such individual holds oneself out as a contractor and employs one or more individuals to assist in the actual performance of services and who meets the following criteria shall be deemed to have an independently established business:

"(A) The individual customarily has two or more effective contracts except when the individual performs services as a faller or bucker in the logging industry.

"(B) The individual as a normal business practice utilizes separate telephone service, business cards and engages in such commercial advertising as is customary in operating similar businesses.

"(C) The individual is recognized by the Department of Revenue as an employer.

"(D) The individual furnishes substantially all of the equipment, tools and supplies necessary in carrying out the contractual obligations."

Effective October 4, 1989, and at all times since, ORS 657.040(1) has provided:

"Services performed by an individual for remuneration are deemed to be employment subject to this chapter and ORS chapter 657A unless and until it is shown to the satisfaction of the Director of the Employment Department that:

"(a) Such individual is an independent contractor, as that term is defined in ORS 670.600; or

"(b) Such individual has been and will continue to be free from control or direction over the performance of such services, both under a contract of service and in fact; and

"(c)   Such individual customarily is engaged in an independently established business of the same nature as that involved in the contract of service."

ORS 670.600, which is incorporated by reference through ORS 657.040(1)(a), provides:

"As used in various provisions of ORS chapter[] * * * 657 * * *, an individual or business entity that performs labor or services for remuneration shall be considered to perform the labor or services as an 'independent contractor' if the standards of this section are met:

"(1)   The individual or business entity providing the labor or services is free from direction and control over the means and manner of providing the labor or services, subject only to the right of the person for whom the labor or services are provided to specify the desired results;

"(2)   The individual or business entity providing labor or services is responsible for obtaining all assumed business registrations or professional occupation licenses required by state law or local government ordinances for the individual or business entity to conduct the business;

"(3)   The individual or business entity providing labor or services furnishes the tools or equipment necessary for performance of the contracted labor or services;

"(4)   The individual or business entity providing labor or services has the authority to hire and fire employees to perform the labor or services;

"(5)   Payment for the labor or services is made upon completion of the performance of specific portions of the project or is made on the basis of an annual or periodic retainer;

"(6)   The individual or business entity providing labor or services is registered under ORS chapter 701, if the individual or business entity provides labor or services for which such registration is required;

"(7)   Federal and state income tax returns in the name of the business or a business Schedule C or farm Schedule F as part of the personal income tax return were filed for the previous year if the individual or business entity performed labor or services as an independent contractor in the previous year; and

"(8)   The individual or business entity represents to the public that the labor or services are to be provided by an

independently established business. Except when an individual or business entity files a Schedule F as part of the personal income tax returns and the individual or business entity performs farm labor or services that are reportable on Schedule C, an individual or business entity is considered to be engaged in an independently established business when four or more of the following circumstances exist:

"(a)   The labor or services are primarily carried out at a location that is separate from the residence of an individual who performs the labor or services, or are primarily carried out in a specific portion of the residence, which portion is set aside as the location of the business;

"(b)   Commercial advertising or business cards as is customary in operating similar businesses are purchased for the business, or the individual or business entity has a trade association membership;

"(c)   Telephone listing and service are used for the business that is separate from the personal residence listing and service used by an individual who performs the labor or services;

"(d)   Labor or services are performed only pursuant to written contracts;

"(e)   Labor or services are performed for two or more different persons within a period of one year; or

"(f)   The individual or business entity assumes financial responsibility for defective workmanship or for service not provided as evidenced by the ownership of performance bonds, warranties, errors and omission insurance or liability insurance relating to the labor or services to be provided.''

■      Although there is considerable overlap between the present and former statutory schemes, the referee's application of the present statutes in determining petitioner's pre-October 3, 1989, liability was erroneous for two reasons. First, the referee assumed that the test for "independently established business" under the prior ORS 657.040(2)(a) was the same as that presently described in ORS 670.600(8). That assumption was wrong. As the Supreme Court explained in *Kirkpatrick v. Peet*, 247 Or 204, 213-14, 428 P2d 405 (1967):

"We understand [*former* subsection (2)(a)] to mean that to exclude coverage it must be shown that the person engaged to perform services for another does so as an entrepreneur, *i.e.*, where the enterprise calls for the investment of

risk capital with the prospect of reaping returns or suffering a loss in the venture, the employment of others, and ordinarily the performance of service for more than one person.

"It is to be noted that the statute requires the occupation to be both 'independently established' and 'customarily' engaged in. This requirement is not met if the continued existence of the enterprise depends upon its relationship with a particular employer. If there is such dependence, the person employed does not have the prospect of supporting himself in the pursuit of his occupation if the person employing him terminates the relationship. It was the purpose of the Unemployment Insurance Act to provide relief where there was this type of risk of unemployment." (Footnote omitted.)

*Accord Republic Dev. Co., Inc. v. Emp. Div.*, 284 Or 431, 439, 587 P2d 466 (1978) (court reaffirmed *Kirkpatrick* analysis of prior subsection 2(a)).

Second, notwithstanding significant similarities between the prior ORS 657.040(2)(b) and the current ORS 657.040(1)(a)'s incorporation of the independent contractor test of ORS 670.600, there are material differences. For example, *former* ORS 657.040(2)(b) did not include factors equivalent to those described in ORS 670.600(8)(a), (d) and (f). Conversely, ORS 670.600 does not include factors equivalent to those that had been required under *former* ORS 657.040(2)(b), including the requirements that the putative contractor employ "one or more individuals to assist in the actual performance of services" and "customarily [have] two or more effective contracts."

We, thus, remand for reconsideration of the determination and assessment for the period January 1, 1989, through October 3, 1989.

*October 4, 1989 — December 31, 1992*

A. *Independent Contractor Exclusion.*

Petitioner asserts that the referee erred in concluding that he had failed to prove that Jones and David acted as independent contractors in providing outcall services after October 3, 1989. Before considering Jones' and David's particular status, we must resolve two threshold issues of statutory construction pertaining to the independent contractor

exclusion. First, is ORS 657.040(1)(c) to be read conjunctively with both subsections (1)(a) and (1)(b), or merely with the latter? Second, did the legislature intend the phrase "represents to the public" in ORS 670.600(8), which is incorporated by reference into ORS 657.040(1)(a), to impose an additional requirement for independent contractor status that is distinct from the factors enumerated in ORS 670.600(8)(a)-(f)?

The first issue arises from the mixing of the disjunctive and the conjunctive in ORS 657.040(1), creating a structural ambiguity. Subsection (1)(a), which refers to services provided by independent contractors, is separated from subsection (1)(b) with "or" whereas subsection (1)(b) is separated from subsection (1)(c) with "and."

That structure permits two plausible constructions: either subsection (1)(c) qualifies only subsection (1)(b) or it qualifies both subsections (1)(a) and (1)(b). The statute clearly excludes from taxable employment services performed by an individual who is "free from control or direction over the performance" of those services (subsection (1)(b)) *and* "is engaged in an independently established business (subsection (1)(c)). What is not clear, however, is whether an individual who satisfies the independent contractor test in ORS 670.600(1)(a) must also be engaged in an independently established business (subsection (1)(c)) to be excluded.

Reference to context, and particularly to the historic evolution of ORS 657.040, is enlightening. Before the 1989 amendments, ORS 657.040 described two circumstances under which services were excludable from taxable employment: (1) the individual was free from direction and control over the performance of the services and was engaged in independently established business — *i.e.*, the combination of *former* subsections (1) and (2)(a); or (2) the individual was free from direction and control and met various independent contractor-related criteria — *i.e.*, the combination of *former* subsections (1) and (2)(b).

The 1989 amendment retained *former* subsections (1) and (2)(a) verbatim, but reconfigured them as ORS 657.040(1)(b) and (1)(c), respectively. Thus, the 1989 amendments preserved the prior statute's first exclusion. The 1989 amendments also replaced *former* subsection (2)(b) with ORS

657.040(1)(a), which incorporated by reference the independent contractor criteria of ORS 670.600. Those criteria include a requirement that the individual be "free from direction and control over the means and manner of providing the labor or services." ORS 670.600(1). Thus, ORS 657.040-(1)(a), while differing in certain respects from *former* subsection (2)(b), approximates the prior statute's second exclusion — *i.e.*, it excludes from taxable employment the services of an individual who is free from direction and control and who satisfies other enumerated indicia of independent contractor status.

■■ In construing statutes, we generally indulge in the presumption that "amendatory acts do not change the meaning of preexisting language further than is expressly declared or necessarily implied." *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 597-98, 581 P2d 50 (1978), *citing* 1A Sutherland, *Statutory Construction* § 22.30 (1972). Consistent with that principle, we are loath to conclude that the 1989 legislature, having reiterated one exclusion embodied in the prior statute and approximated the other, somehow intended the two to be linked conjunctively, as they had not been previously. In particular, we do not believe that the legislature intended, through its mixed use of disjunctive and conjunctive language, to provide that services falling within ORS 657.040(1)(a) must also satisfy ORS 657.040(1)(c) to be excluded from taxable employment. We thus conclude that ORS 657.040(1)(a), alone, states a first "independent contractor" basis for exclusion and that ORS 657.040(1)(b) and (1)(c), together, state a second, "independently established business" basis for exclusion.

The second preliminary issue of statutory construction concerns the significance of the phrase "[t]he individual or business entity represents to the public that the labor or services are to be provided by an independently established business" in ORS 670.600(8), as incorporated in ORS 657.040(1)(a). In particular, does that language impose a requirement separate from, and in addition to, the six factors listed in ORS 670.600(8)(a)-(f)? The department espouses such a construction, and asserts that, in addition to proving at least four of the six enumerated criteria, an applicant also must prove that customers were told that the individual

rendering services was acting as an independently established business. Petitioner responds that "represents to the public" is merely a general description of the same consideration underlying the six enumerated criteria. Thus, petitioner reasons, proof of the latter necessarily proves the former.

The text and context of ORS 670.600(8) are inconclusive. Although the first sentence of subsection (8) includes the operative "represents to the public" language, the balance of the subsection lists the six enumerated criteria and does not explain the relationship between the initial, general statement and the particular criteria. The most plausible, but by no means certain, reading is that the latter were intended to explain or qualify the former; otherwise, they would seem superfluous. However, although two of the six criteria, ORS 670.600(8)(b) and (c), which pertain to commercial advertising, business cards, and telephone listings, appear to be particularized indicia of representations to the public, the remaining four, which pertain to the situs of work, form and number of contracts and financial responsibility for defective work, have no apparent relevance to representations to the public.

■■ Because the legislature's intent is not clear from the text and context, we consider legislative history. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Larry Young, Manager for the Compliance Division of the Workers' Compensation Division, participated in the joint interim subcommittee that drafted the independent contractor standards. In explaining the bill to members of the Senate Labor Committee, Young explained:

> "Subsection 8 of section 1 [of HB 2320] is kind of important to understand. One of the tests has always been that if a person sets [himself] out to be an independent business or *i.e.*, an independent contractor — and what subsection 8 does is say an individual sets himself out as an independent business if they — the proof of that is that four or more of the following things happen. This kind of cafeteria list [sets out] the conditions which the individual must meet four of those to show that they have in fact set themselves out to be an independent business. During deliberations on the House side it was felt that a true independent business could in fact show four of these to establish that they do set themselves

out to be an independent business." Testimony, Senate Labor Committee, HB 2320, June 7, 1989, Tape 171, Side B.

That testimony strongly supports petitioner's view that, if a putative contractor meets at least four of the six criteria necessary to demonstrate an independently established business under ORS 670.600(8), the contractor "represented to the public" that the services are to be provided by an independently established business. We so construe ORS 670.600(8).

We thus consider whether petitioner proved that Jones and David met at least four of the six criteria listed in ORS 670.600(8), triggering the independent contractor exclusion. *See Pam's Carpet Service v. Emp. Div.*, 61 Or App 96, 102-03, 656 P2d 340 (1982) (describing petitioner's burden of proving exclusion from taxable employment).

The referee's findings, and substantial uncontroverted evidence in the administrative record, disclose the following facts concerning Jones' and David's operations: Jones repaired appliances and cleaned drains for petitioner during the assessment period. She furnished her own tools and equipment and used both her own truck and leased a truck from petitioner during that time. During the assessment period, Jones worked for plumbing businesses other than petitioner's, at times hired assistants, and had her own customers. She was responsible for remedying any problems with her own work, and maintained some sort of business liability insurance. Jones had business cards and advertised in two local community newspapers, but did not have a business telephone number distinct from her personal phone number.

David repaired appliances and cleaned drains for petitioner throughout the assessment period. He had been engaged in that type of work for 18 years. While working for petitioner, David furnished his own truck, tools, and equipment. He did not advertise or have a separate business telephone, but did have business cards. Like Jones, David was responsible for remedying any problems with work he performed.

The referee found, and the department concedes, that Jones and David met two of the six criteria: ORS 670.600(8)(a) (situs of labor) and ORS 670.600(8)(e) (services

performed for two or more persons within one year). Conversely, petitioner acknowledges that Jones and David did not meet two of the criteria, ORS 670.600(8)(c) (separate business telephone listing) and ORS 670.600(8)(d) (services performed only pursuant to written contract). Thus, the dispute turns on whether Jones and David satisfied *both* of the remaining subsections, ORS 670.600(8)(b) (use of commercial advertising or business cards "as is customary in operating similar businesses") *and* ORS 670.600(8)(f) (assumption of financial responsibility for defective workmanship, as evidenced by ownership of performance bonds, warranties, and insurance relating to the services provided).

The referee's findings of fact and conclusions of law pertaining to subsection (8)(b) are so incomplete and imprecise as to preclude meaningful judicial review. The referee found that both Jones and David purchased business cards, but he made no finding as to whether the form and use of those cards was "as is customary in operating similar businesses." *See* ORS 183.470(2) (findings of fact "shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order"). Moreover, the referee erroneously found that Jones "did not advertise," notwithstanding substantial uncontroverted evidence to the contrary, and, consequently, failed to render a finding as to whether that advertising was "customary" in the plumbing trade.

■ The referee's analysis of whether Jones met subsection (8)(f) was similarly deficient. The referee found that Jones "had some form of liability insurance" and further found that "if there was a problem with the job," Jones and David "were responsible for fixing the job with no additional charge" to petitioner. He then concluded:

> "While employer may have required them to do call backs if there was a problem, applicant was the party primarily liable to any claim for damages and the one who had the contract with the customer to perform the services. The individuals may have been liable to the extent that the 50% of the labor charge would be withheld and they might not get called to perform any additional services."

That conclusion does not address Jones' liability insurance or explain why that insurance was inadequate to satisfy ORS 670.600(8)(f). That deficiency, coupled with the referee's incomplete findings as to the subsection (8)(b) factor, requires a remand for reconsideration of whether Jones acted as an independent contractor in providing services after October 3, 1989. *See Hannah v. Employment Division*, 83 Or App 104, 106, 730 P2d 600 (1986) (remanding agency order for reconsideration, where findings were incomplete and, thus, did not support agency's ultimate conclusion).

■    The referee's conclusion, however, adequately explained why David's obligation to repair defective work did not satisfy subsection (8)(f). Accordingly, regardless of whether David met subsection (8)(b), petitioner would still be unable to show that David met four of the six statutory criteria. Accordingly, we affirm the referee's determination that, for the period after October 3, 1989, David was not an independent contractor.

B.   *Independently Established Business Exclusion.*

Petitioner contends, finally, that the referee erred in concluding that Jones, David, and Smith[3] were not engaged in independently established businesses in providing outcall services, in conjunction with petitioner, after October 3, 1989. Again, before considering those individuals' status, we must resolve a fundamental issue of statutory construction: Is the test for "independently established business" under ORS 657.040(1)(c) the same as that described in ORS 670.600(8)? In particular, in enacting ORS 670.600(8) in 1989, did the legislature intend to abrogate or supersede judicial interpretations of the "independently established business" exclusion? *See, e.g., Republic Dev. Co., Inc. v. Emp. Div.*; *Kirkpatrick v. Peet.*

The statutory text does not purport to link or equate the two provisions. Neither ORS 657.040(1)(c) nor ORS 670.600(8) refers to the other. Moreover, an examination of statutory context discloses that the legislature did not intend

---

[3] Smith repaired appliances and drained sewers for petitioner throughout the audit period. He used his own truck and furnished his own supplies and equipment while working for petitioner. He worked for other people in addition to petitioner during the audit period, and answered his telephone "Smith Repairs."

ORS 670.600(8) to circumscribe the inquiry under ORS 657.040(1)(c). Although ORS 657.040(1)(a) expressly incorporates ORS 670.600 by reference, ORS 657.040(1)(c) does not mention, much less similarly incorporate, ORS 670.600(8). If the legislature intended that the latter control the former, it clearly knew how to express that intent; it did not do so. *Accord Oregon Business Planning Council v. LCDC*, 290 Or 741, 749, 626 P2d 350 (1981) ("Ordinarily, when the legislature includes an express provision in one statute, but omits such a provision in another, it may be inferred that such an omission was deliberate.").

As significantly, equating ORS 657.040(1)(c) and ORS 670.600(8) would render ORS 657.040(1)(a) superfluous. To establish entitlement to exclusion under subsection (1)(a), an applicant must prove *all eight* elements of independent contractor status specified in ORS 670.600(1)-(8). If, however, subsection (1)(c) were equated with ORS 670.600(8), an applicant would be entitled to an exclusion under ORS 657.040(1)(b) and (c) merely by proving only *two of the eight* elements specified in ORS 670.600 — freedom from direction and control (which both ORS 657.040(1)(b) and ORS 670.600(1) require) and participation in an independently established business, as described in ORS 670.600(8). Thus, subsection (1)(c) would "short circuit" subsection (1)(a). That result is avoided only if ORS 657.040(1)(c) and ORS 670.600(8) have different content.

■     We conclude that the legislature did not intend ORS 670.600(8) to control ORS 657.040(1)(c) and to supersede judicial interpretations of that statute. Accordingly, the test set out in *Republic Dev. Co., Inc.* and *Kirkpatrick* defines the scope of the "independently established business" exclusion.

Here, the referee did not apply the *Republic Dev. Co., Inc./Kirkpatrick* test. Instead, his findings and conclusions, however inexact, were apparently directed to the factors listed in ORS 670.600(8). We remand for reconsideration of the independently established business exclusion under the appropriate test.

Assessment for services provided by Jones, David, and Smith reversed and remanded for reconsideration; otherwise affirmed.