Argued and submitted September 30, 1998, affirmed March 10, 1999

Norman L. COUNTS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and City of Oakland,
*Respondents.*

(97-AB-2468; CA A100738)

976 P2d 96

Charles F. Lee argued the cause for petitioner. With him on the brief was Lee & Kaser, P.C.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Department.

Linda J. Kessel and Harrang Long Gary Rudnick, P.C., filed the brief for respondent City of Oakland.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Warren, Senior Judge.

WARREN, S. J.

## WARREN, S. J.

Petitioner seeks review of a final order of the Employment Appeals Board that denied petitioner unemployment compensation benefits because he voluntarily left work without good cause. He assigns error to the Board's finding that he voluntarily quit work. We affirm.

We review to determine whether there is substantial evidence to support the Board's findings and to determine whether there is a rational connection between the findings and conclusions. ORS 183.482(8)(c); *Ruiz v. Employment Div.*, 83 Or App 609, 611, 733 P2d 51 (1987). We must affirm the decision unless the findings and conclusions are not supported by substantial evidence in the whole record, even if we might reach a different conclusion if we were sitting as a trier of fact. *Id.* at 611.

The facts are undisputed. Petitioner worked as the chief of police for the City of Oakland (the city) beginning May 2, 1995. On June 10, 1997, he voluntarily submitted a letter of resignation to the city's mayor and city council, terminating his employment relationship effective August 10, 1997. The city council received the letter and discussed it at its June 17, 1997, city council meeting but took no formal action to accept it. On July 7, 1997, petitioner submitted another letter to the city council, stating, "I am now willing to serve as Chief of Police in Oakland, if the City Council is willing to take me back. * * * I am asking the Council, by this letter, to rescind my resignation." On July 15, 1997, the city council voted not to accept the letter rescinding petitioner's resignation and to let the resignation stand. Petitioner worked until August 10, 1997, the date he had designated as his last day of work in his letter of resignation.

Petitioner was denied unemployment compensation. On review, petitioner argues that the Board erred in denying compensation because the administrative rules require a finding of discharge on the facts of this case. The city contends that the Board correctly found that petitioner voluntarily left work. We agree with the city.

ORS 657.176 provides, in part:

"(2) An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the director finds that the individual:

"* * * * *

"(c) Voluntarily left work without good cause[.]"

OAR 471-030-0038 interprets ORS 657.176 and provides, in part:

"(1)(a) As used in ORS 657.176(2)(a), (b), and (c) and sections (1) through (5) of this rule the term 'work' means the continuing relationship between an employer and an employee. * * * [T]he date an individual is separated from work is the date the employer-employee relationship is severed.

"* * * * *

"(2) The distinction between voluntary leaving and discharge is:

"(a) If the employee could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work;

"(b) If the employee is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

We have looked at that administrative rule many times. In *Employment Division v. Scott Machinery Co.*, 48 Or App 61, 616 P2d 521 (1980), the claimant told the employer that he was quitting and his last day would be in seven days. Three days later the employer told the claimant that he did not need to work out the remainder of his notice period. We held that claimant had not voluntarily left work. The issue in *Scott* was the scope of the Board's review. We stated that the Employment Division has both the authority and the obligation to adopt a rule that expands on the phrase "voluntarily left work without good cause." *Id.* at 66-67. Having determined that the Division had done so, we then stated that the rule was clear and within the Division's authority to promulgate and, therefore, the Board's duty was to apply it.

Similarly, we decided that the Board did not err in concluding that the claimant had been discharged in *Silver Eagle Mfg. Co. v. Employment Div.*, 95 Or App 635, 770 P2d 607 (1989). There, claimant was willing to work for the employer for a two-week notice period after resigning, but the employer would not allow him to do so. We held that the facts fit within subsection (b) of OAR 471-030-0038.

The case that the Board relied on in reaching its decision here is analogous to this case. In *Schmelzer v. Employment Div.*, 57 Or App 759, 646 P2d 650, *rev den* 293 Or 521 (1982), the claimant and the employer had agreed on a termination date, following her resignation. The claimant later changed her mind, stating that she would not voluntarily end her employment until seven days after the originally agreed on date. The employer refused to allow the claimant to continue working past the agreed on date. We held that the Board had not erroneously interpreted OAR 471-030-0038 when it stated that the fact that the claimant had changed her mind about her termination date did not change the nature of the work separation and that the claimant voluntarily left work without good cause.

Here, as in *Schmelzer*, the Board did not erroneously interpret OAR 471-030-0038 when it concluded that petitioner voluntarily left work. Despite the fact that petitioner changed his mind about resigning, the nature of the work separation was unchanged. In reaching its conclusion, the Board explained:

"Claimant objectively demonstrated that he was no longer willing to work for the employer when he submitted his notice of resignation. Although, the employer may not have acted immediately to accept claimant's resignation, formally, the Council acted on July 15 to do so. By that time claimant had changed his mind and had expressed a willingness to continue working if the Council wanted him to do so. In essence, claimant was saying that he was willing to allow his resignation to stand, or he was willing to return to work. We are persuaded that the council did no more than accept claimant's original letter of resignation. Accordingly, we are persuaded claimant quit work. *See Schmelzer v. Employment Div.*, 57 Or App 759, 646 P2d 650 (1982)."

We conclude that there is substantial evidence to support the Board's finding that petitioner was no longer willing to work for the city when he submitted his notice of resignation. The Board's finding that claimant later was willing either to allow his resignation to stand or to work is also supported by substantial evidence. Petitioner made it clear in his July 7, 1997, letter that, in order for him to continue serving as the chief of police, the city must be willing to take him back. The evidence before the Board was sufficient to justify the conclusion that petitioner voluntarily left work.

Affirmed.