Argued and submitted May 6, reversed and remanded July 17, 1985

# PAULY,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-1385; CA A33729)
703 P2d 991

Suanne Lehne, Roseburg, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Harvard Avenue Diner.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an unemployment compensation case in which petitioner seeks judicial review of a decision of the Employment Appeals Board which affirmed a referee's order denying petitioner unemployment compensation benefits on the ground that she had voluntarily left work without good cause and was therefore disqualified under ORS 657.176(2)(c). Petitioner contends that the record establishes as a matter of law that the job at which she was employed—short order cook—was not suitable work. In the alternative, she assigns error to the hearings officer's failure to permit her to offer evidence concerning the suitability of the work. We agree that the latter action was error and therefore reverse and remand.

Petitioner worked for many years as a cook and dietitian at large institutions in Douglas County. She left the last such position in April, 1984. On June 1, 1984, she accepted a job as a fry and grill cook at the Harvard Avenue Diner. Petitioner's first day on the job was June 3. It was profoundly chaotic. She had never been a short order cook before, and she found it virtually impossible to deal with the time pressures. As the week progressed, petitioner's employer was not satisfied with her work. Petitioner resented the employer's criticism, because she felt that she should have been trained to do her job properly. On June 8, petitioner suffered an on the job injury to her hand. Because she was the only cook available, she was required to remain on the job for five hours after the injury. She felt that her employer was not sympathetic concerning the injury. She left work after that shift.

Petitioner was denied unemployment compensation benefits on the basis that she "voluntarily left work without good cause" within the meaning of ORS 657.176(2)(c). The referee's order, which EAB adopted as its own, stated, in pertinent part:

"(1) [Petitioner] worked for the employer as a cook from June 3, 1984, until June 8, 1984. (2) [Petitioner] voluntarily left June 8, 1984, because the employer was not sympathetic regarding an injury. (3) No one was in the area when the alleged injury occurred. Employer did question the cause of the injury. (4) [Petitioner] also left as she did not like receiving criticism regarding her work. (5) Employer did express some criticism regarding [petitioner's] work. (6) Her

work was considered otherwise satisfactory. (7) Employer tried to encourage [petitioner] to give the job more time. (8) The restaurant had just begun operation under new ownership.

"* * * * *

"OAR 471-30-038(4) states that 'good cause' for voluntarily leaving work is '[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.'

"The referee can understand [petitioner's] frustration in the new job. However, these frustrations do not make the work unsuitable. The occurrence of an injury, apparently work-related, does not mean an unreasonable risk to her health. The leaving then after only one short week was an over hasty response. Good cause to leave is not established."

We find the order to be erroneous in two related respects.

■ First, although it refers to the question of suitability in passing, the opinion fails to address the question of whether the work which petitioner left was "suitable." As noted, petitioner was disqualified under OAR 471-30-038(4). However, application of that rule is limited to cases in which the petitioner's former work was suitable. Here, petitioner claimed that her reason for leaving work was that the job was unsuitable. In that regard, OAR 471-30-037(1) specifies, "in determining possible disqualification under the provisions of ORS 657.176(2)(c) [voluntarily leaving work], the Administrator shall give consideration to the [suitable work factors] provisions of ORS 657.190 and OAR 471-30-036." Factors which must be considered under ORS 657.190[1] include the individual's "prior training, * * * experience and prior earnings, * * * length of unemployment and prospects for securing local work in [the] customary occupation * * *." Pursuant to OAR 471-30-036, primary emphasis is placed on the "type of

---

[1] ORS 657.190 provides:

"In determining whether or not any work is suitable for an individual, the assistant director shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence."

work the individual is most capable of performing due to prior job experience and training."[2] Petitioner here has always contended that she was not suited, by virtue of training and experience, for the job at the Harvard Avenue Diner. In spite of her position, the referee entirely failed to address suitability. That was error. *See, e.g., Frank v. Employment Division,* 57 Or App 646, 646 P2d 70 (1982).

■ The second error is related to the first. During the hearing, petitioner attempted to offer the testimony of Sue Cox on the issue of job suitability. The referee disallowed the testimony. That was also error. The referee is required to "inquire fully into matters at issue." OAR 471-40-025(1). Suitability of the employment that petitioner left was an issue in this case, whether the referee recognized it or not. The proffered evidence related to that subject and was of a type reasonable persons might commonly employ in the most important of their personal affairs. It was therefore admissible. *See* ORS 183.450. The referee's omission requires that the case be remanded for a new hearing at which the petitioner must be allowed to offer any pertinent evidence which relates to the question of suitability. ORS 183.482(8)(a)(B).

Reversed and remanded for further proceedings.[3]

---

[2] *See also* OAR 471-30-038(5)(b), which provides, in part:

"(5) In applying section (4) of this rule:

"* * * * *

"(b) Leaving work without good cause includes, but is not limited to:

"(A) Leaving *suitable work* to seek other work * * *." (Emphasis supplied.)

[3] Petitioner also assigns error to two findings of fact, maintaining that they are not supported by substantial evidence. We find that they are supported. We are not sure that, on remand, they will necessarily prove to be pertinent.