Argued and submitted September 13, 1985, reversed and remanded for reconsideration
June 4, 1986

# WOOD,
## *Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
## *Respondents.*

### (84-AB-1669; CA A34417)

719 P2d 1314

Mark B. Williams, Portland, argued the cause for petitioner. With him on the brief was Amy Veranth, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Petitioner seeks review of an order of the Employment Appeals Board, one member dissenting, affirming and adopting the referee's decision which disqualified him from unemployment benefits because he "voluntarily left work without good cause." We reverse and remand.

The referee's findings of fact, conclusions and reasons are as follows:

"FINDINGS OF FACT: (1) Claimant was employed with the employer from September 1979, and last worked July 17, 1984. He was off work July 30, through August 1, 1984, due to a foot condition. (2) On August 2, 1984, he reported to employer with a doctor's statement. (3) The doctor would allow continued work with frequent rests * * *. (4) The employer would allow the rests. (5) The claimant left the premises after discussion with the employer, apparently feeling his foot was too sore to work. (6) On or about August 17, 1984, employer contacted claimant by telephone. The claimant's response was that he knew more about how his foot hurt than the doctor. (7) On September 4, 1984, the claimant was removed from the payroll.

"CONCLUSION AND REASONS: The claimant voluntarily left work without good cause.

"OAR 471-30-038(4) states that 'good cause' for voluntarily leaving work is '[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.'

"The claimant admittedly had a foot condition which prevented several days of work. His return to work was authorized by his doctor. The restrictions on the return to work would be accommodated. Leaving the premises, and as a consequence, leaving his job, was not for a compelling reason. Good cause is not established."

The referee disqualified petitioner from benefits pursuant to ORS 657.176(2)(c).[1]

---

[1] ORS 657.176(2) provides, in part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the assistant director finds that the individual:

"* * * * *

"(c) Voluntarily left work without good cause[.]"

This court must uphold a decision of EAB if it is supported by substantial evidence in the record when viewed as a whole. ORS 183.482(8)(c). "Substantial evidence" is "any reasonable evidence or such proof as a reasonable mind would employ to support a conclusion." *Brown v. AFSD,* 75 Or App 98, 102, 705 P2d 236 (1985), *rev den* 300 Or 477 (1986), *quoting Cook v. Employment Division,* 47 Or App 437, 441, 614 P2d 1193 (1980). However, that determination cannot be made if EAB has failed to make essential findings of fact.

The referee (and, hence, EAB) did not make any finding about whether petitioner knew or had reason to know that employer would accommodate his work restrictions and whether petitioner was credible. The former finding is essential, because even if, as the referee found, employer would accommodate the rest breaks, if all of the objective evidence indicated the contrary to petitioner, he had good cause to leave work. Employer's subjective intentions are irrelevant; it is the objective manifestations of intent that are critical.

A credibility determination is also essential. Petitioner's uncontradicted testimony indicates that employer implied that the problem was all in petitioner's head, would not accommodate his need for frequent rests and had stated that he had his break and his lunch to rest and was expected to do his job standing up like everyone else. He testified, "I was expected to do the job I was hired to do, and if not I'd be replaced."[2] If claimant's testimony is credible, he had good cause to leave work. When credibility is at issue, this court will remand to EAB if the referee has failed to make explicit, reasoned, logical credibility findings, including a designation of the evidence relied on in reaching the decision. *de St. Germain v. Employment Division,* 74 Or App 484, 703 P2d 986 (1985).

Reversed and remanded for reconsideration.

---

[2] This statement was corroborated by employer.