Argued and submitted April 6, reversed and remanded for reconsideration
December 9, 1987

# DOOLEY,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

(EAB 86-AB-1072 and 86-AB-1072A; CA A41818)

746 P2d 750

Michael H. Marcus, Portland, argued the cause for petitioner. With him on the brief was Legal Aid Service, Portland.

No appearance for respondent Employment Division.

No appearance for respondent Goodwill Industries of Oregon.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner seeks review of an Employment Appeals Board order adopting the referee's order that denied her claim for unemployment compensation on the ground that she had voluntarily left work without good cause. We reverse.

The referee made these findings:

"(1) Claimant worked for employer from July 13, 1981 through March 5, 1986. She last worked as a vocational aide/clerk at employer's work activity center. (2) Claimant had initially worked as a collection center attendant, then as a lead person in the special production area, and then applied for and was selected for the vocational aide position in a training program for mentally retarded and mentally and emotionally disturbed adults. (3) Claimant left work because she was experiencing physical and emotional distress, which she attributed to her job. (4) In October, 1985, claimant was struck in the chest and then repeatedly on the arm by a client. (5) She became afraid and began experiencing headaches, nausea, diarrhea and was very irritable and could not sleep. (6) Subsequent outbursts caused her concerns and reactions to increase. (7) Claimant prepared an incident report each time something happened and submitted them to employer. (8) Claimant had trouble dealing with clients in their outbursts and was less able to cope with them than other workers. (9) Claimant submitted her resignation on February 27, 1986 indicating that she was moving out of state. (10) Claimant did not inform employer of the nature and extent of her concerns or problems. (11) Claimant did not request a transfer to her previous position or another position with employer."

He concluded:

"Claimant was struck by a client in October of 1985 and thereafter began experiencing problems attributable to her work. At the time she left work, she was experiencing physical and emotional problems which could raise serious question as to the suitability of the work. Absent alternatives, the claimant could have explored or utilized from the time the problem started until she left [sic]. Claimant could have told her supervisor how she was really feeling and the extent of her physical and emotional reactions to see if something could be done within her department or whether transfer or other assignment may have been available. She could have sought medical or psychological assistance to identify and address the problem she was experiencing. She did not try to alleviate or

resolve the problems before leaving. Claimant did not have good cause to quit when she did."

Petitioner assigns as error that, although the referee concluded that she had quit work without good cause, *see* ORS 657.176(2)(c), he did not find whether or not her work was "suitable." OAR 471-30-038(4) defines "good cause":

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

OAR 471-30-037(1) provides:

"In determining possible disqualification under the provisions of ORS 657.176(1)(2)(c) [voluntarily leaving work], * * * the Administrator shall give consideration to the [suitable work factors] provisions of ORS 657.190 and OAR 471-30-036."

"Suitable work factors" include

"the *degree of risk involved,* the *health, safety* and morals of the individual, the *physical fitness* and *prior training* [and] experience * * * of the individual." ORS 657.190. (Emphasis supplied.)

Analysis of suitability is not limited to cases where an employe has left work to seek other work.[1] If a claimant alleges that she left work because it was unsuitable, the referee must make a finding on suitability. If a claimant leaves unsuitable work, she has not left without good cause. In *Pauly v. Employment Division,* 74 Or App 479, 703 P2d 991 (1985), the petitioner left her short order cook job at a diner, arguing that she did not leave without good cause, because the work was unsuitable. She contended that she was not suited, by reason of her training and experience as a cook and dietitian at only large institutions, for the work at the diner. The court interpreted the reference to suitable work factors in OAR 471-30-371(1) to mean that the "application of [OAR 471-30-

---

[1] *See also* OAR 471-30-038(5)(b), which provides, in part:

"(5) In applying section (4) of this rule:

"* * * * *

"(b) Leaving work without good cause includes, but is not limited to:

"(A) Leaving suitable work to seek other work."

038(4)] is limited to cases in which the petitioners' former work was suitable." 74 Or App at 482. We reversed and remanded for further proceedings, because the referee had failed to address suitability. Moreover, we held that the referee had erred in disallowing testimony that the petitioner had offered on the issue of suitability. *See also Ruiz v. Employment Division,* 83 Or App 609, 733 P2d 51 (1987).

■ Petitioner contends that the work was not suitable, because she lacked the training, expertise and disposition to work with mentally retarded and emotionally disturbed adults. Her supervisor agreed that she did not possess the basic skills necessary for the job. The findings of the referee and petitioner's uncontroverted testimony show that her employment jeopardized her physical and emotional health and safety. The referee concluded that her problems "would raise serious question as to the suitability of the work." He erred, however, when he did not address suitable work factors and find whether or not petitioner's work was "suitable."

■ Because EAB may find on remand that petitioner's former work was suitable, we address her other assignments. She assigns as error the referee's finding that petitioner "did not inform employer of the nature and extent of her concerns or problems." She argues that that finding is not supported by substantial evidence.[2] We agree. The referee found that she had reported every incident to her employer. That finding was supported by the supervisor's testimony that she "was aware that petitioner was concerned about working with the—the people who were violent or had—had been violent toward her," and that [petitioner] was "experiencing problems with her work." Petitioner sufficiently informed employer so that it knew that corrective steps were needed. *See Stevenson v. Morgan,* 17 Or App 428, 434, 522 P2d 1204 (1974). The referee's statement that "[c]laimant could have told her supervisor how she was really feeling and the extent of her physical and emotional reactions to see if something could be done within her department or whether transfer or other assignment may have

---

[2] Petitioner also asserts that the referee's conclusion that "she did not try to alleviate or resolve the problems before leaving" is actually a finding of fact unsupported by substantial evidence. To the extent that it is a finding of fact, it is not supported by substantial evidence. To the extent that it is a conclusion, it does not follow rationally from the referee's findings. *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975).

been available" required more of petitioner than was appropriate.

■ ■ Petitioner also assigns as error that the referee failed to find whether alternatives were available, such as a transfer position, or whether it would have been fruitless for petitioner to pursue them. Employer, however, had the burden of trying to alleviate the problems of which it had been informed. The referee's failure to find whether alternatives were available and, if so, whether employer had identified them and explored them with petitioner was error. *See Wood v. Employment Division,* 79 Or App 636, 639, 719 P2d 1314 (1986); *Ferguson v. Employment Division,* 68 Or App 849, 854, 683 P2d 147 (1984).

■ Finally, the referee concluded that petitioner "could have sought medical or psychological assistance to identify and address the problems she was experiencing." She had no obligation to seek counseling or medical assistance to help her adjust to the violence and the outbursts to which she was subjected. *See Mercer v. Employment Division,* 63 Or App 757, 655 P2d 1259 (1983).

Reversed and remanded for reconsideration.