Argued and submitted January 30, affirmed May 15, 1991

## MARION COUNTY,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION
and Patricia A. Fording,
*Respondents.*

(90-AB-495; CA A65009)

810 P2d 1339

Robert C. Cannon, Marion County Legal Counsel, Salem, argued the cause for petitioner. With him on the brief was Jane Ellen Stonecipher, Assistant Legal Counsel, Salem.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ralph M. Yenne, Salem, argued the cause and filed the brief for respondent Patricia A. Fording.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

In this unemployment compensation case, employer seeks review of an Employment Appeals Board (EAB) order affirming the referee's decision that claimant's job was not suitable and that, therefore, she had voluntarily left work with good cause. Employer contends that EAB erred in affirming the referee's decision, because the decision was based on an invalid rule. We affirm.

■ The only issue raised is whether Employment Division exceeded its rulemaking authority in adopting OAR 471-30-037(1).

Under ORS 657.176(2), a claimant is disqualified from receiving unemployment benefits if she:

"(a) Has been discharged for misconduct connected with work, or

"(b) Has been suspended from work for misconduct connected with work, or

"(c) Voluntarily left work without good cause, or

"(d) Failed without good cause to apply for available suitable work * * *, or

"(e) Failed without good cause to accept suitable work when offered."

By using the term "good cause," the legislature has delegated to Division the responsibility for defining the circumstances under which a claimant is disqualified from receiving unemployment. As the court said in *McPherson v. Employment Division,* 285 Or 541, 550, 591 P2d 1381 (1979),

" '[G]ood cause' in its own terms calls for completing a value judgment that the legislature itself has only indicated: evaluating what are 'good' reasons for giving up one's employment and what are not."

Under that delegation of authority, Division adopted rules to guide determination of "good cause." Under OAR 471-30-037(1), Division must consider whether the employment was suitable in determining whether a claimant is disqualified under ORS 657.176(2)(c), (d) and (e). We have said that the

"[a]nalysis of suitability is not limited to cases where an employe has left work to seek other work. If a claimant

alleges that she left work because it was unsuitable, the referee must make a finding on suitability. If a claimant leaves unsuitable work, she has not left without good cause." *Dooley v. Employment Division,* 88 Or App 609, 612, 746 P2d 750 (1987). (Footnote omitted.)

Employer contends that, by including the term "suitable work" in ORS 657.176(2)(d) and (e) but not in (c), the legislature has directed that suitability of employment be considered only in determining whether a claimant has impermissibly refused work. It argues that Division has exceeded its statutory authority by requiring that suitability also be considered in determining whether a claimant has voluntarily left work without good cause, because that requirement is not consistent with, as employer terms it, the "legislative directive" in ORS 657.176(2)(d) and (e).

Division argues that employer interprets the statute too narrowly. We agree. In contrast to ORS 657.176(2)(d) and (e), which require Division to consider suitability of employment as well as good cause, ORS 657.176(2)(c) places no such constraint on its power to define the circumstances under which a claimant may be disqualified for leaving work.

In discussing judicial review of agency interpretation of delegative terms, the Supreme Court has said:

"When an agency determines whether certain facts constitute good cause, for example, a decision either way reflects a choice of policy which is essentially legislative in that it refines a general legislative policy. * * * The discretionary function of the agency is to make the choice and the review function of the court is to see that the agency's decision is within the range of discretion allowed by the more general policy of the statute." *Springfield Education Assn. v. School Dist.,* 290 Or 217, 229, 621 P2d 547 (1980).

Because "good cause" is a delegative term and its meaning is not circumscribed by any other statute, Division is entitled to define it to include unsuitable employment. OAR 471-30-037(1) is within the range of discretion delegated to the agency under ORS 657.176(2)(c) and is, therefore, valid. EAB did not err in affirming the referee's decision.

Affirmed.