Argued and submitted December 17, 1990, reversed and remanded for
reconsideration October 9, 1991

Glade R. NEWMAN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Longview Hills, Inc.,
*Respondents.*

(90-AB-335; CA A64303)

818 P2d 960

Melinda Baxter-Jones, Oregon Legal Services Corp., New-
port, argued the cause and filed the brief for petitioner.

Jerome Lidz, Assistant Attorney General, Salem, waived
appearance for respondent Employment Division.

No appearance for respondent Longview Hills, Inc.

Before Buttler, Presiding Judge, and Rossman and
De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks judicial review of an Employment Appeals Board (EAB) decision reversing the referee's order and denying unemployment benefits, because petitioner had refused an offer of suitable work without good cause. We reverse and remand.

Petitioner, a construction worker, broke his back on the job in 1980. After seeking assistance from the Division of Vocational Rehabilitation (DVR), he entered into an on-the-job training agreement with DVR and employer, the developer of a mobile home residential subdivision. Pursuant to the agreement, employer agreed to hire petitioner and train him for six months as general manager, and DVR agreed to reimburse employer 50 percent of petitioner's base wage. Petitioner's base salary was $1000 per month, plus a commission for every mobile or manufactured home that he sold. He completed two sales before his contract expired, at which time employer gave him a written notice of termination[1] and began negotiating with him for a new employment agreement.

Petitioner testified that, after employer offered him $500 plus commissions, he counteroffered for a base salary of $750 plus commissions. Employer rejected petitioner's offer, withdrew its offer of $500 plus commissions and made a final offer on a commissions-only basis. Petitioner claimed that he could not support his family on that offer and, therefore, rejected it. Employer testified that the final offer, which petitioner refused, was for $500 plus commissions.

Petitioner sought unemployment benefits, which were allowed by DVR. Employer requested a hearing, and the referee, without making an express credibility determination, affirmed,[2] finding that "the employer offered claimant the opportunity to remain with the company as a salesperson working on a commission-only basis."

■    Under ORS 657.176(2)(a) and (e), a claimant is disqualified from unemployment benefits if he "[h]as been

---

[1] Employer's reasons for termination were petitioner's lack of bookkeeping skills and his sale of too few manufactured homes.

[2] The referee's decision affirmed two administrative decisions that allowed benefits because petitioner had refused an offer of work for good cause.

discharged for misconduct connected with work" or if he "fail[s] without good cause to accept suitable work when offered." A claimant who refuses unsuitable work does so with good cause. *Dooley v. Employment Division,* 88 Or App 609, 612, 746 P2d 750 (1987). The referee concluded that petitioner had been discharged, but not for wilful misconduct, and that, given his experience, the commissions-only offer was unsuitable. ORS 657.190.[3] Accordingly, he had refused the offer with good cause and was allowed benefits.

On employer's appeal, EAB made these findings:

"(25) When the employer discharged the claimant, the employer offered the claimant a job as a commissioned salesperson. *The earnings for the offered position were to be based exclusively on commissions without any guaranteed salary.* (26) Because of the claimant's family responsibilites and what he perceived to be his lack of sales skills, he refused the commissioned salesperson position." (Emphasis supplied.)

It affirmed the portion of the referee's decision that held that petitioner was discharged, but not for misconduct. It held, however, with one member dissenting,[4] that there was insufficient evidence to determine whether claimant had good cause to refuse the offer, because the record did not disclose the number of sales made and did not contain sufficient evidence to "determine whether the employer would be required to pay the claimant the applicable minimum wage." The matter was remanded for further findings.

After reviewing the supplemental record made on remand, EAB found:

"(2) While the claimant worked for the employer * * *, he completed two sales. * * * (3) * * * The employer offered the

---

[3] ORS 657.190 provides:

"In determining whether or not any work is suitable for an individual, the assistant director shall consider, among other factors, the degree of risk involved to the health, safety and morals of the individual, the physical fitness and prior training, experience and prior earnings of the individual."

The referee considered petitioner's experience and concluded that "[i]t would be unrealistic to expect that he could earn a living where his pay is based solely on commission sales."

[4] The dissent would have held that there was sufficient evidence to establish that claimant lacked the necessary experience as a salesperson and that the offer was unsuitable, giving claimant good cause to refuse.

claimant a base salary of $500 per month, plus a commission of up to $1,000 on every manufactured or mobile home that he sold. * * * (6) Claimant rejected the employer's offer of employment and countered with his offer to work on a $750 per month base salary plus commission. (7) The employer refused the claimant's offer. (8) *Claimant did not accept the employer's offer of work at $500 per month base salary plus commission.*" (Emphasis supplied.)

■ EAB reversed the referee, concluding that petitioner had refused an offer of suitable work without good cause, ORS 657.176(2)(e), and denied benefits.[5] Although it had agreed with the referee's implied credibility determination concerning the amount of the final offer on the first appeal, it did not do so on the second appeal and did not explain why it had changed its implied finding that petitioner was credible. It also failed to consider whether the offer violated the minimum wage law when it made its suitability determination. It must do both before determining whether petitioner refused the offer with good cause. *Dennis v. Employment Div.*, 302 Or 160, 728 P2d 12 (1986); *but see Erck v. Brown Oldsmobile,* 311 Or 519, 526 n 6, 815 P2d 1251 (1991).

Reversed and remanded for reconsideration.

---

[5] The dissent concluded that the offer was not for suitable work, because the employer had no intention of paying the minimum wage during a week in which petitioner's commission sales failed to meet or exceed the minimum wage.