Argued and submitted February 12, affirmed March 6, 1996

Jayme T. HUNT,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Cascade Fruit Company,
*Respondents.*

(95-AB-311; CA A87765)

912 P2d 425

David S. Tilton argued the cause for petitioner. With him on the brief were Ronald J. Rubino and Oregon Legal Services Corporation.

Stephanie L. Striffler, Assistant Attorney General, argued the cause for respondent Employment Department. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance by respondent Cascade Fruit Company.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Petitioner seeks review of a decision of the Employment Appeals Board denying her claim for unemployment compensation benefits. She argues that the Board erred as a matter of law, because its decision was based on an invalid rule. She also argues that, even if the rule is valid, the Board's findings pursuant to that rule are not supported by substantial evidence. We affirm, concluding that the rule that the Board applied is valid and that the Board's findings are supported by substantial evidence.

The following facts are taken from the Board's findings. In April 1994, employer hired petitioner for a part-time lab assistant position, at a rate of $6.05 per hour. During the busy summer season, petitioner worked on a full-time basis. When work slowed down during the late summer, she worked six hours per day. By the end of that summer, petitioner was being paid $6.55 per hour. In September 1994, employer told petitioner that there was not enough lab assistant work for her and that she was being reassigned to the position of fruit sorter on a full-time basis, at a rate of $5.48 per hour. For some reason, petitioner thought she would be paid at a rate of $5.05 per hour. She refused to work as a fruit sorter at that low rate of pay and resigned.

The Board denied petitioner's claim for unemployment compensation benefits on the ground that she had voluntarily left employment without good cause. In arriving at that decision, the Board relied on OAR 471-30-038(4), which defines "good cause" for leaving employment as:

"[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. * * * For all individuals, the reason must be of such gravity that the individual has no reasonable alternative but to leave work."

The Board concluded that a reasonable and prudent person, unhappy with the decrease in pay, would have accepted the reassignment and perhaps sought other, higher paying, employment rather than simply quitting work altogether. Accordingly, it held that claimant had left work without "good cause."

■	On review, petitioner asserts two principal challenges to the Board's decision. Her first challenge is that OAR 471-30-038(4) is invalid. According to petitioner, the Board was obligated to determine whether the fruit sorter position was a "suitable" substitute position for her, taking into account such factors as her training, experience, education and prior earnings. The Board responds that suitability analysis is not required under the statute that is applicable to this case. We agree with the Board.

■ ■	Our review of the validity of the challenged rule depends on the nature of the statutory provision from which it is derived. *Springfield Education Assn. v. School Dist.*, 290 Or 217, 223, 621 P2d 547 (1980). In this case, because the Board's rule construes the quintessentially delegative term "good cause," our review is limited to determining whether the rule is within the range of discretion allowed by the general policy of the statute. *Id.*; *Marion County v. Employment Div.*, 107 Or App 174, 177, 810 P2d 1339 (1991). With that standard of review in mind, we turn to the relevant statutes.

ORS 657.176 provides, in part, that:

"(1)	An authorized representative designated by the Director of the Employment Department shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of a separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of failure to apply for or accept work * * *.

"(2)	An individual shall be disqualified from the receipt of benefits * * * if the authorized representative designated by the director finds that the individual:

"(a)	Has been discharged for misconduct connected with work, or

"(b)	Has been suspended from work for misconduct connected with work, or

"(c)	Voluntarily left work without good cause, or

"(d)	Failed without good cause to apply for available suitable work when referred by the employment office or the director, or

"(e)	Failed without good cause to accept suitable work when offered."

Petitioner argues that the definition of "good cause" in OAR 471-30-038(4) violates ORS 657.176(2)(c). She acknowledges that subsection (2)(c) of the statute contains no reference to suitability, unlike ORS 657.176(2)(d) and (e). She nevertheless insists that the rule is invalid, because "good cause" always must include suitability analysis, and other statutes that expressly require such analysis are simply "redundant." As authority for that difficult proposition, petitioner begins by citing ORS 657.190, which provides:

> "In determining whether or not any work is suitable for an individual, the Director of the Employment Department shall consider, among other factors, the degree of risk involved to the health, safety and morals of the individual, the physical fitness and prior training, experience and prior earnings of the individual, the length of unemployment and prospects for securing local work in the customary occupation of the individual and the distance of the available work from the residence of the individual."

That statute, however, describes only what is entailed in determining whether work is suitable for a worker; it does not describe when such analysis is required.

Petitioner next relies on our decisions in *Pinto v. Employment Div.*, 122 Or App 616, 858 P2d 177 (1993), *Dooley v. Employment Division*, 88 Or App 609, 746 P2d 750 (1987), and *Ruiz v. Employment Division*, 83 Or App 609, 733 P2d 51 (1987), all three of which she reads as holding that the suitability factors set forth in ORS 657.190 must be considered in determining whether an individual left work without "good cause" within the meaning of ORS 657.176(2)(c). The cases, however, do not assist petitioner's argument. *Ruiz* did say that the factors described in ORS 657.190 must be considered in determining whether an employee left with "good cause." *Ruiz*, 83 Or App at 613. But that holding was expressly predicated on a *prior version* of the administrative rules, which did require suitability analysis in all cases.[1] *Dooley* and *Pinto* simply cited *Ruiz* for the

---

[1] OAR 471-30-037(1) (1977) provided that:

"In determining possible disqualification under the provisions of ORS 657.176(1)(2)(c) [voluntarily leaving work], * * * the Administrator shall give consideration to the [suitable work factors] provisions of ORS 657.190 and OAR 471-30-036."

same proposition. *Dooley*, 88 Or App at 612; *Pinto*, 122 Or App at 619. Thus, none of those cases addresses the current rule and its validity; all were based on a prior version of the rules, which no longer apply. Petitioner has failed to demonstrate that OAR 471-30-038(4) violates ORS 657.176(2)(c).

■ Petitioner's second challenge to the Board's decision is its finding that petitioner had been "reassigned" and not terminated. The Board argues that the evidence in the record as a whole is sufficient to support its finding. We review that challenge for substantial evidence. ORS 183.482(8)(c); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990). Petitioner's argument is that, because various witnesses used the words "laid off" and "terminated" to describe what occurred, the Board erred in finding that she had been reassigned. Those witnesses, however, merely testified that petitioner's *position* had been terminated. The evidence is uncontradicted that petitioner could have continued her employment, working as a fruit sorter.

We reject without discussion petitioner's argument that the Board's decision is deficient in other respects.

Affirmed.